[No. 1512.]

## William Donohoe v. The State.

1. Perjury.—Indictment, to charge the offense of perjury, must allege the materiality of the false testimony, either in terms, or by setting out the facts from which its materiality in law will appear. And every fact sworn to, upon which an assignment of perjury is sought to be made, must be alleged to be material.

2. Same.—Stated in another form the rule is, that no false testimony can be included in an assignment of perjury, unless its materiality is alleged. See an indictment, held sufficient, upon the last assignment, to charge the offense of perjury.

3. Same.—All matter alleged to be material can, by proper assignment, be made the basis of perjury. But if a general assignment is made upon all, and some of them should, in law, be immaterial, the assignment would be bad; hence arises the necessity for specific assignment upon material matter.

4. Same—Charge of the Court.—Under an indictment which assigned perjury upon matter not alleged to be material, as well as upon matter alleged material, the court charged the jury as follows: "If, in view of what has been said by the court as to the law, and from all the evidence before them, the jury believe that the defendant, in San Patricio county, did, as charged, deliberately and wilfully make the statement set out in the indictment, or any part thereof, that the jury believe to have been material to the matter before the grand jury, and if such statement or part thereof is shown (to) have been false when it was made, and if the jury believe the defendant knew it was false when he made it (if he did so), and if they further believe he made such statement before the regular grand jury of this county, as alleged, and under proper oath duly administered to him, then they should find him guilty as charged, and in addition, assess his punishment at," etc. *Held*, error, because not confined to such false statements as are alleged material, and therefore properly assigned; and because it authorized the jury to pass upon the materiality of the alleged false testimony.

Appeal from the District Court of San Patricio. Tried below before the Hon. D. P. Marr.

The charging part of the indictment reads as follows:
*   *   *   "that William Donohoe, on the sixth day of March, A. D. 1882, in the county of San Patricio and State of Texas, did then and there commit deliberate and wilful perjury, in this, as follows, to wit: that while the grand jury of the county afore-

said were in session and were making inquiry of offenses against the penal laws, it became and was then and there a material question whether or not William O'Docherty had wilfully shot two certain mules in said county on or about the first day of January, A. D. 1882, and upon said investigation before the grand jury aforesaid, the said William Donohoe then and there appeared as a witness and was duly sworn by Warren Wallace, then and there foreman of the grand jury aforesaid, and the said William Donohoe, being so sworn as aforesaid, and contriving and intending to pervert the due course of law and justice, upon his oath aforesaid, did deliberately, wilfully, corruptly and maliciously swear (among other things) in substance and to the effect following, that is to say, that William O'Docherty and others were on the roadside when two certain mules, drawing a wagon and in charge of a driver, came up to the place where the said William O'Docherty and others were standing, and that the said William O'Docherty was shooting off his pistol over the head of the horse of Alex. McGloin, across the road, before and at the time the aforesaid mules and wagon came up and passed by where the said William O'Docherty and others were standing, and that the aforesaid horse of Alex. Mc-Gloin was on the same side of the road upon which the said William O'Docherty was standing, and that he, said William Donohoe, knew nothing of the said mules being then and there shot; which said statements were false, as the said William Donohoe then and there well knew, whereas in truth and in fact, the said Alex. McGloin and the horse of the said Alex. McGloin were not near to the said William O'Docherty when he fired at the said mules, but were at the distance of fifteen or twenty yards from the said William O'Docherty at the time said O'Docherty fired at said mules; and whereas in truth and in fact the said William O'Docherty did deliberately fire at said mules, and did not fire at said mules over the head of the horse of Alex. McGloin, and whereas in truth and in fact the horse of Alex. McGloin was not on the same side of the road upon which the said William O'Docherty was standing at the time said O'Docherty shot said mules; and whereas in truth and in fact the said William Donohoe was then and there present and did know that the said William O'Docherty did then and there deliberately shoot said mules. And so the grand jurors aforesaid, upon their oaths aforesaid, do say that the said William Donohoe, on the sixth day of March, A. D. 1882, in the county

and State aforesaid, before the grand jury as aforesaid, by his own act and consent, and of his own most wicked and corrupt mind, in manner and form aforesaid, did deliberately, wilfully, falsely and corruptly commit perjury; against," etc.

The trial resulted in a verdict of guilty, and a term of five years in the penitentiary was awarded as penalty.

John ―――― was the first witness introduced for the State. He testified that he was a member of the regular grand jury of San Patricio county, at the March term, 1882, of the District Court. Warren Wallace was the foreman of that grand jury. The defendant was regularly called before that grand jury to testify as a witness regarding a matter of the shooting of two mules by William O'Docherty, which was then being investigated. The oath prescribed by the Code of Criminal Procedure was administered to him. Here the witness was shown a paper purporting to be the testimony of the defendant before the grand jury, reduced to writing. He testified that the testimony of the defendant before the grand jury was reduced to writing at the time, at the request of the grand jury, by some one of the grand jury, he believed H. D. Sullivan.

On his cross-examination, the witness stated that the paper did not contain everything that the defendant said before that grand jury, but that it did contain the substance. The defendant testified before the grand jury on March 6, 1882.

The State then read the paper in evidence. It was as follows:

"Statement of William Donoughoe. About the first of January, 1882, I was in company with Robert Weir, Alexander Mc-Gloin, L. O'Docherty. Willie O'Docherty was shooting off his pistols over Alexander McGloin's horse's head, across the road, before and at the time the wagon passed by where we were standing. The horse was on the same side of the road that Willie O'Docherty was on, and I know nothing about the mules being shot

"WILLIAM DONOUGHOE."

Webb Sullivan testified, for the State, that he was a member of the grand jury before which the defendant testified concerning the shooting of the mules. Mark Mahoney was the clerk chosen by the grand jury, but Mahoney being absent, the witness wrote the statement in evidence signed "William Donoughoe." The paper exhibited was the same, and it contained a

substantial statement of the testimony of the defendant before the grand jury. After the body of the paper was written, the defendant signed it.

Robert Weir testified, for the State, that he was with the party at the time the mules were said to have been shot by Willie O'Docherty, about three-quarters of a mile from San Patricio. The party consisted of Willie and L. O'Docherty, the witness and the defendant. They were traveling in the direction of San Patricio, and had been drinking freely. This party met Alex. and Pat. McGloin on the road. Alex. McGloin had been drinking. "Christmas times were near on hand, and the whole party were pretty full," including the defendant, who, however, was not drunk. Willie O'Docherty fired his pistol over Alex. McGloin's horse's neck before the wagon and mules came up. The witness and McGloin were standing on one side of the road, on horseback, when a wagon drawn by two mules drove up. Willie O'Docherty and the accused were together down the road towards town, about twenty yards from the witness and Alex. McGloin, when the wagon and mules, driven by George Milstead drove up. The witness then heard two more shots fired, and the mules and wagon went on. At this time the witness and Alexander McGloin were on the opposite side of the road from the defendant and O'Docherty, and Alex. McGloin's horse was not on the same side of the road with O'Docherty and the defendant. The witness did not see O'Docherty shoot the mules. He saw no mules shot on that occasion, and knew nothing about the shooting of any mules, except by hearsay. He did not know whether or not the defendant saw any mules shot.

George Milstead testified, for the State, that in December, 1882, he worked for Mr. Sullivan. During that month he was sent to old lady Sullivan's, in San Patricio, with some hogs, in a wagon drawn by two mules. On his way he met Alex. and Pat. McGloin and Robert Weir, on the left side of the road, and saw the defendant and Willie O'Docherty on the right hand side of the road, about fifteen yards from the others. O'Docherty exclaimed: "You man with the black mules, stop!" The witness did not stop, and O'Docherty fired and shot one mule through the mane and neck, and then fired again and shot the other mule in the foot. One of the mules staggered, fell, jumped up, and both ran down the road with the wagon. The witness, before he reached the party, saw the defendant hand Willie O'Docherty a pistol. The witness knew that the defendant did

O 1

see O'Docherty shoot the mules, because he and O'Docherty were very close together at the time, on the same side of the road, and within two yards of the mules.

The questions passed upon in the opinion were among those raised by the motion for new trial.

*Pat. O'Docherty*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

Hurt, Judge. This was a conviction for perjury. It was objected to the indictment that the perjury is not properly assigned.

We have subjected this indictment to the rules laid down by Mr. Bishop, and enunciated in *Gabrielsky* v. *The State*, and find that it is not obnoxious to the objection urged against it by the defendant. (Bishop's Procedure, vol. 2, secs. 918, 919; *Gabrielsky* v. *The State*, 13 Texas Ct. App., 428.)

The indictment in hand charges that certain testimony given before the grand jury was material; that is, the substance of what was sworn to by defendant, and then avers that, "whereas, in truth and in fact," stating wherever such matter was false, and thus assigning perjury. The *matter* averred to be material is charged to have been testified about, or in regard to, by defendant; his testimony is set forth in substance, and then the indictment proceeds to negative (not by simply saying that the defendant falsely swore to such matter, but in the proper form) the truth of the facts sworn to by defendant, by averring that "whereas in truth and in fact," stating that such facts sworn to by defendant were false. We are of the opinion that there is an assignment of perjury formally made in the indictment.

The materiality of the false testimony must be alleged, either in terms, or by setting out the facts from which its materiality in law will appear. And every fact sworn to, upon which an assignment of perjury is desired to be made, must be averred to be material.

To present this rule in another light: No false testimony can be included in the assignment of perjury, unless its materiality is alleged. We are not treating of inducements, inuendoes, or the admissibility of evidence, but of the proper mode to assign

perjury. With these rules firmly in hand, let us see what is assigned for perjury in this indictment.

It alleges that, "It became and was then and there a material question whether or not Willie O'Docherty had wilfully shot two certain mules in said county, on or about the first day of January, 1882." All of the matters and things contained in the quotation are averred to be material; and upon all, or either of these, perjury can be assigned, but upon no other matter—no matter not contained in the averment of *materiality*. In regard to what particular matter did the defendant swear falsely? This is learned from what the defendant is charged to have sworn, and that which is alleged, in proper form, to be false—from what is known in legal parlance as the assignment of perjury. The matter upon which perjury is based is specifically selected, pointed out, and assigned for perjury; thus, by this contracting process, informing the defendant "wherein and to what extent the statements alleged to have been made by him were false, that he may know with certainty what he is called upon to answer." All of the matters alleged to be material can be made the basis of perjury, by proper assignments of perjury. But, if a general assignment is made upon all, and some of them should, in law, be immaterial, the assignment would be bad. Hence, when matters are alleged to be material which are not, in conjunction with matters which are, the absolute necessity of specific assignment of perjury upon the material matter is apparent.

In the indictment before us perjury is assigned upon matter which is not alleged to be material, as well as matter averred to be material. Upon this state of the pleadings the learned judge below charged the jury as follows.

"Seventh. If, in view of what has been said by the court as to the law, and from all the evidence before them, the jury believe that the defendant, in San Patricio county, did, as charged, deliberately and wilfully make the statement set out in the indictment, or any part thereof *that the jury believe* to have been material to the matter before the grand jury, and if such statement or part thereof is shown (to) have been false when it was made, and if the jury believe the defendant knew it was false when he made it (if he did so), and if they further believe he made such statement before the regular grand jury of this county, as alleged, and under proper oath duly administered to him, then they should find him guilty as charged, and in addition assess his punishment at confinement in the penitentiary

for not less than five years, nor more than ten years, in the discretion of the jury."

The jury are told in this seventh paragraph of the charge that if they believe that defendant made the statement, or any part of the statement, set out in the indictment, etc. As the indictment charges defendant with making statements not alleged to be material, this charge is most evidently wrong. The trial judge should examine the indictment and ascertain upon what false testimony a good assignment of perjury has been made, and confine the jury to such assignment or assignments.

The indictment may, and frequently does, set out "statements" charged to have been made by defendant, without making or a desire to make them the basis of perjury. The false statement or testimony to which the jury must be confined is that which is properly assigned as perjury. And unless assigned, the fact that the statement or testimony is false does not affect the question.

Again, in this seventh paragraph of the charge, and elsewhere, the jurors are made the judges of the materiality of the testimony. This is error, for the judge, and not the jury, is to pass upon the materiality of the (statement) false testimony.

If perjury is assigned upon immaterial matter, and the trial judge in his charge submits this matter to the jury, and hinges the guilt of defendant upon the issues therein found, the conclusion is that the judge believed the matter material. In other words, the charge of the court is an infallible test as to whether the trial judge holds matter or testimony material or immaterial.

We have held this indictment sufficient, but we think it necessary to state upon which assignment it is sufficient. We are of the opinion that the last assignment suffices, to wit: "Whereas in truth and fact the said William Donohoe was then and there present, and did know that the said Willie O'Docherty did then and there deliberately shoot said mules." This matter is averred to be material, and in regard to said matter it is alleged to be deposed, and we think it is properly assigned for perjury.

Because of the error in the charge of the court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered October 27, 1883.